### HART a. KENNEDY.

*Supreme Court, First District; General Term, Feb., 1863.*

EXEMPTION FROM ARREST.—SUPERINTENDENT OF POLICE.—ACTU- ALLY ON DUTY.

Section 34, of chapter 259, of Laws of 1860, which provides that no member of the Metropolitan Police force shall be liable to military or jury duty, to arrest on civil process, or to service of subpœna while actually on duty, impliedly de- clares persons so holding office shall not be deemed actually on duty at all times and under all circumstances.

And a rule of the police commissioners, made pursuant to section 27 of that act, that certain officers shall be deemed always actually on duty, cannot be deemed to affect the right of third parties to subpœna or arrest such officers when not actually on duty.

It is erroneous to vacate an order of arrest on the ground that the defendant is exempt from arrest by virtue of his office. The plaintiff is entitled to retain his order, with the view of making the arrest when the exemption expires. (Per CLERKE, J.)

An order reducing the amount of bail upon an order of arrest is discretionary, and will not, under ordinary circumstances, be interfered with on appeal.

Appeal from an order vacating an order of arrest.

This action was brought by Joseph Hart against John A. Kennedy, Thaddeus C. Davis, and Dewitt C. Smith, to recover $20,000 damages for an alleged false imprisonment. An order of arrest was obtained, requiring that the defendants be held to bail in $1,000 each. On motion, Mr. Justice Clerke vacated the order as to the defendants Kennedy and Davis, and reduced

the amount of bail required from Smith to $250. The facts upon which the order of arrest was obtained, were set forth by plaintiff as follows: That he was arrested, without cause and in violation of the law of the land, by the defendants Davis and Smith, and by them taken to the 10th Ward Station-house, in the city of New York, where this deponent was by them wrongfully, illegally, and falsely imprisoned, and incarcerated in a cell till the following morning, when he was brought before one of the police-justices of the city of New York, by whom plaintiff was held to bail in the sum of two hundred and fifty dollars. That six days thereafter plaintiff was surrendered by his bail, and that thereupon this deponent sued out a writ of habeas corpus before the city judge of New York, who, on the return to said writ, immediately discharged plaintiff from custody.

That he was again arrested without cause, and in violation of the law of the land, by the defendants Davis and Smith, and by them taken to the 10th Ward Station-house, in the city of New York, and wrongfully, illegally, and falsely imprisoned, and incarcerated in a cell until the following morning, when he sued out a writ of habeas corpus; Mr. Justice Barnard immediately discharged plaintiff from custody.

That the defendant Davis was a captain of the Metropolitan Police, and the defendant Smith an officer of said Metropolitan Police; that the defendant John A. Kennedy was the superintendent of the said Metropolitan Police, and that the two several, wrongful, illegal arrests and false imprisonments of this deponent, so made as aforesaid, were ordered to be made by the defendant Kennedy.

That the defendant Kennedy had frequently admitted and declared to divers persons that he ordered plaintiff to be arrested, and that he intended to continue, till he, Kennedy, was rendered utterly powerless to continue to arrest plaintiff.

The defendants applied to vacate the order, upon affidavits showing that under section 27 of the act of the Legislature of the State of New York, entitled "An act to amend an act entitled 'An act to establish a Metropolitan Police District, and provide for the government thereof, passed April 15, 1857,' passed April 10, 1860," the commissioners of the Metropolitan Police therein named had enacted certain rules and regulations of general discipline. That by section 60 of said rules it is pro-

vided that the superintendent, inspectors, captains, and sergeants of the police will be deemed to be always on duty.

That deponent has always, since his appointment as superintendent of said police, been and ever is on duty as such superintendent, at all times of the day and night. That he has since such appointment at all times held himself in readiness at any moment, day or night, to discharge the duties pertaining to his office as superintendent; and said Thaddeus C. Davis, and all other captains in said district, occupy exactly the same position under said section 60 of said rules as deponent, in respect to being on duty at all times, day and night, without intermission.

From the order of Mr. Justice Clerke the plaintiff appealed.

The decision appealed from is reported 14 *Ante*, 432.

*Gunning S. Bedford, Jr.*, for the appellant.—I. Every person holding office under the Metropolitan Police Act is liable to arrest on civil process, except while actually on duty. (*Laws of 1860*, ch. 259, § 34; Squire's Case, 12 *Abbotts' Pr.*, 38.

II. The 60th rule for the government of the police department can have no effect to make superintendent, &c., always on duty. 1. It is but a rule for the discipline of the police force, and therefore cannot affect the rights of third parties,— resembling, in this respect, a by-law of a corporation. 2. Nor does the fact of the police commissioners "deeming" them always on duty, make them always actually on duty.

III. The appellant respectfully submits that the court below erred in holding that because the superintendent and captains were always "prepared for duty," that therefore they were always actually on duty. 1. This statement is a contradiction in terms. A person cannot be "actually," *i. e.*, in the actual performance of some duty, while he is holding himself in readiness, or in preparation to perform such duty. 2. The meaning of the words "actually on duty" is plainly, that the person who claims the benefit of the exemption must (at the time of claiming) be in the actual performance of some duty, the actual doing of some act. If the appellant's construction be incorrect, then the word "actually" is meaningless.

IV. The language of section 34 shows that at some time or other, to wit, when off of duty, that is while not actually on duty, every person holding office under the act is liable to

arrest on civil process. This is but the affirmative statement of the negative language of section 34.

V. They are not only exempt from arrest, but also from service of subpœnas from civil courts. So that the superintendent, &c., could never be subpœnaed as witnesses in a civil case, because they are, according to the opinion of the court, always "actually on duty," even while only prepared for duty. That if the decision of the court below be correct, then the superintendent and captains of the Metropolitan Police are the most privileged class of persons known to the law.

VI. The merits, however, are clearly with the plaintiff.

*A. Oakey Hall,* for the respondents.—I. For the reasons of public policy so ably stated in the opinion below, the order discharging the superintendent and captain of Metropolitan Police, and modifying the patrolman's bail, should be affirmed, irrespective of the reasons deducible from the police statute, or the police rules. 1. The object of bail to the action is to insure response to the process of the court. Where the court infer from facts that there are cogent reasons constraining a defendant's appearance, and reasons more powerful than may become any fears growing out of the suit, the court exercises in practice a discretion over the amount of bail, and makes it small. 2. When a public officer is sued for an alleged tort manifestly done under color of duty, and has by law an obligatory residence within reach of court process, it is unnecessary to hold him to bail, and only seems to gratify the vindictiveness of some plaintiffs.

II. The conjunction of the 27th section of the police act and the 60th section of police rules, has the effect to place certain police officers, as respects third parties and the public, always on duty. As between themselves and their superiors of the Board of Police, they may not be at times on duty, and for this may be punished.

III. The undisputed facts of the case show that, irrespective of the *rules,* the language of the statute, "actually on duty," directly applies to Kennedy and Davis.

IV. For the reasons of public policy before commented upon, and for the reason that he was a subordinate obeying orders, and did not act oppressively or maliciously, the respondent

Smith, patrolman, should have had the relief of reduced bail.

SUTHERLAND, P. J.—This is an action for two several alleged illegal arrests and false imprisonments of the plaintiff by the defendants.

The defendant Kennedy is the superintendent; the defendant Davis, a captain; and the defendant Smith, a patrolman, of the Metropolitan Police.

An order of arrest was granted by a justice of this court, holding the defendants to bail, each in the sum of $1,000.

This order of arrest was, on motion of the defendants, by an order made at special term, vacated and discharged as to the defendants Kennedy and Davis, and modified as to the defendant Smith, by reducing the amount of bail required of him to $250.

The case comes before us by the appeal of the plaintiff from the order vacating and discharging the order of arrest as to the defendants Kennedy and Davis, and modifying it as to the other defendant.

I infer, from the papers, that neither of the defendants had been arrested when the order vacating and modifying the order of arrest was made; that the return-day of the order of arrest as originally granted had been extended by an order, for the purpose of enabling the defendants to make the motion to vacate the order, before the defendants should be arrested.

By the 27th section of the act passed April 10, 1860, to amend the Metropolitan Police Act, passed April 15, 1857 (*Laws of* 1860, 443, ch. 259), the commissioners of the Metropolitan Police, "in furtherance of the police government of the said Metropolitan Police District, and for the promoting and perfecting the police discipline of subordinates, and of the members of the Metropolitan Police force, are empowered to enact, modify, and repeal, from time to time, rules and regulations of general discipline; wherein, in addition to such other provisions as may be deemed expedient by said commissioners, there shall be particularly defined, enumerated, and distributed, the powers and duties of the superintendent of police force, and of the inspectors and captains of the police force, &c., *provided*, that such rules or regulations shall not conflict with any

of the provisions of this amended act, or with the Constitution of the United States, or of this State."

By the 34th section of the same act, it is declared that " no person holding office under this act shall be liable to military or jury duty, nor to arrest on civil process, or to service of subpœnas *from civil* courts, *while actually on duty.*"

It appears from the affidavit of the defendant Kennedy in this case, that under section 27 of said act, the commissioners of the Metropolitan Police enacted or passed certain rules and regulations of general discipline; and that by section 60 of said rules, it was provided that the superintendent, inspectors, captains, and sergeants of police will be *deemed to be always* on duty.

It appears from the opinion of the learned justice who made the order at special term, vacating and modifying the order of arrest in this case, and it was conceded on the argument before us, that the order of arrest was vacated and discharged, as to the defendants Kennedy and Davis, on the ground that the one was the superintendent, and the other a captain of the Metropolitan Police, when the alleged arrests and false imprisonments of which the plaintiff complains took place ; and that being such officers, by the 34th section of the act, and the 60th section of the rules and regulations enacted or passed by the commissioners under the 27th section of the act, they were as such officers free from arrest on civil process, at all times and under all circumstances.

It is difficult to see upon what other theory the order vacating the order of arrest as to the defendants Kennedy and Davis, and modifying and retaining it as to the defendant Smith, could have been made.

It is plain, that it was an error to vacate and discharge the order as to the defendants Kennedy and Davis on this ground.

The 34th section of the act, by declaring that no person holding office under the act shall be liable to arrest on civil process, or to service of subpœnas, &c., *while actually on duty,* plainly impliedly declares, that persons holding office under the act shall be liable to arrest on civil process, or to service of subpœnas, &c., *while not* actually on duty.

This section impliedly declares, that no person holding office under the act shall be deemed to be actually on duty *at all*

*times and under all circumstances*, so as never to be liable to arrest or service of subpœna while holding the office.

The police commissioners had no power, under the 27th section of the act, to enact any rule or regulation, in conflict with the 34th section. The 27th section contains an express *proviso* to that effect; and independent of such proviso, they would have had no power to enact or pass a by-law or regulation inconsistent with an express provision of the act conferring on them their power.

But I do not think the 60th section of the rules or regulations enacted by the commissioners was intended to interfere with the 34th section of the act. It was intended to be, and is, a mere rule or matter relating to discipline, as *between* the *commissioners and those holding office under them*. It was not intended, and cannot be deemed, to affect, in any manner, the rights of third parties under the 34th section of the act, where persons holding office under the act are not actually on duty.

It would be an extraordinary thing to hold, that the superintendent or a captain of the Metropolitan Police can *at no time* or *under any circumstances* be served with a subpœna, or compelled to appear and testify in a civil court; and yet, the 34th section of the act places the same restriction on the right to subpœna as it does on the right to arrest.

The order at special term should be reversed, so far as it vacated the order of arrest as to the defendants Kennedy and Davis; but I do not see why the other part of the order should not be affirmed.

INGRAHAM, J.—I concur in reversing the order below as to Kennedy and Davis.

The commissioners may have power, by rules, to provide that, for reasons of their own, officers in their employ shall be deemed always on duty; but no such regulation can alter the meaning of the terms used in the statute, " actually on duty."

Though they may be *deemed* to be on duty, yet if they are not *actually* on duty, the officers are liable to arrest and to be served with subpœnas. We must look at the object of the provision to ascertain the intent of the Legislature. That evidently was, to prevent an arrest, &c., while the officer was actually discharging his public duties, so as to prevent the possibility of

arresting one of these officers while actually in the public employ. But where some other officer has temporarily taken his place, it cannot be said that he is actually on duty, although for police purposes they provide that he shall be deemed to be so.

The reduction of the bail by the justice at chambers was a matter of discretion, with which, under ordinary circumstances, we do not interfere.

CLERKE, J.—The judge at special term gave no effect whatever to § 60 of the general rules adopted by the commissioners, declaring that the superintendent, inspectors, captains, and sergeants shall "be deemed always on duty." It is emphatically denied in the opinion, delivered at the special term (14 *Ante,* 432), that any rule or regulation of the commissioners can interfere with the right of a court of justice to determine the fact according to the evidence. But, it was contended that from the nature and extent of the duties of the superintendent and captains, the statements in the affidavit of Kennedy must be assumed as true, "that he has always, since his appointment as superintendent of police, been, and ever is on duty as such superintendent at all times of the day and night," and that "all the captains in his district are also on duty at all times, day and night, without intermission." It was thought that this should be assumed until the contrary be shown; so that, after this positive statement, the burden of the proof should devolve on the plaintiff to show that, at the time of the arrest on civil process, the party arrested, if the superintendent or a captain, was engaged in some pursuit of business or pleasure not within the sphere of his public duties.

In the language of the opinion below, "the patrolmen have certain intervals of remission from duty, fixed and known, during which they are not liable to duty; but this can scarcely be affirmed of the superintendent. No doubt, he has certain hours for taking his meals and taking sleep; but as he has a general and unremitting supervision over the operations of the whole force, and as his directions and advice in a city like this may be necessary at any time, he is liable to be called to active duty at any hour of the day or night; so that, it is not at all unreasonable to say that he is always actually (though not actively) on duty. In such a case, to be prepared for duty is to

be on duty. When, either in his office or in his house devising plans, and thinking of instructions for the large force under his command; when he is awaiting applications for those instructions, ready to give them during every hour of the twenty-four, if required ; and when, not thus engaged, he is visiting the numerous stations in the city,—I repeat, it is not at all unreasonable to acquiesce in his sworn statement, until the contrary be proved, that "he is at all times actually on duty." It would indeed be erroneous to hold that the superintendent or a captain of the police cannot, at any time, or under any circumstances, be served with a subpœna or any other process. On a careful perusal of the opinion of the judge at special term, I cannot discover that he held any such thing. But he did hold that those endeavoring to compel a superintendent or captain to appear and testify, or those, at whose suit he is arrested on civil process, should show that he was otherwise engaged than on duty at the time of the service of the process ; the clear presumption being, from the nature and extent of his duties, and from his own sworn statement, that, like the sentinel in his sentry-box, he is always actually on duty.

I think, that a regard for the efficient government of the police force of this populous city, and a desire for the public safety and comfort, render it expedient to establish this presumption in favor of the superintendent and captains, particularly when we consider that it is only needed in the case of a provisional remedy ; the allowance of which, in any case, rests in a great measure in the sound discretion of the judge, who may refuse it altogether, if he thinks the arrest is not necessary to cause the presence of the defendant to answer to the final judgment of the court. It is not at all probable that a public officer, holding a position, and performing duties, like those of the superintendent of police, will not render himself amenable to any process, which may be issued to enforce any judgment that may be rendered against him.

Nevertheless, I am not in favor of affirming the order of the special term as far as the superintendent and captain are concerned. No arrest of these persons was actually made ; the motion was made to set aside the order of arrest, not to relieve them from arrest.

Therefore, the plaintiff had no opportunity of having them

arrested, when not on actual duty; so that the principles on which the decision of the special term is founded, are not applicable to the present motion.

The order at special term should be reversed, so far as it vacated the order of arrest as to the defendants Kennedy and Davis; but should be affirmed as to the other defendant.